## Re: Thoughts

**From:**

Adam J Greene <ajg@robinsonbrog.com>

**To:**

Paul Parmar <paul@pegasusbluestarfund.com>

**Cc:**

pavanbakhshi@gmail.com, Matthew C Capozzoli <mcc@robinsonbrog.com>

**Date:**

Wed, 24 Sep 2014 08:41:08 -0400

**Attachments:**

image001.png (655 bytes)

---

We will further clean up and send on this morning.

On Sep 24, 2014, at 6:41 AM, Paul Parmar <paul@pegasusbluestarfund.com> wrote:

> Adam my edits are in yellow highlights and green text.

---

> **From:** Adam J Greene [mailto:ajg@robinsonbrog.com]
> **Sent:** Tuesday, September 23, 2014 5:56 PM
> **To:** Matthew C Capozzoli
> **Cc:** Paul Parmar; A. Mitchell Greene
> **Subject:** RE: Thoughts
>
> Made some more minor clean up:
> We just need from PP the other answers and we are good to go.
>
> Paul see 22-25 below we are going to need your help- guidance in answering those. Our answers to there further supplemental questions are below..
>
>
> *Adam J. Greene, Esq.*
> Robinson Brog Leinwand Greene Genovese & Gluck PC
> 875 Third Avenue/9th Floor
> New York, NY  10022
> (212) 603-0496 (Voice)
>
> ---
> **From:** Matthew C Capozzoli
> **Sent:** Tuesday, September 23, 2014 5:17 PM
> **To:** Adam J Greene
> **Subject:** Thoughts
>
> GENERAL
>
>> <!--[if !supportLists]-->1)  <!--[endif]-->Received. PP has stated N/A (not applicable) for many of the questions. Please could you clarify between N/A and 'otherwise disclosed' –
>
> Not applicable could have been replaced with the word "none", and we have no issue supplementing the responses accordingly .
>
>> <!--[if !supportLists]-->2)  <!--[endif]-->See below
>> 3a)  In hand – we have requested for this to be updated and addressed to us
>> 3b)  Are you proposing to reissue the 12 March 2014 issue or does the 22 September 2014 letter you sent us replace this?
>
> Yes our firm felt most comfortable updating and amending and restating the letters to date as of today.
>
>> 3c)  Same as 3b
>> 3d)  Please update us on the progress of having this reissued and addressed to us
>
> To protect the confidentiality of the report, it should be issued to our firm.  However, subject to your agreement not to publicly disclose the report, we have no issue formally assigning it to you.  Due to the nature of the subject matter discussed in the report, Interfor cannot provide an 'update' without conducting an another complete investigation.  That expensive and time consuming process seems unwarranted given that (1) the report run by Thomson that is being reissued to your firm clearly supports Interfor's conclusions, (2) Interfor's report was conducted in March 24th 2014,  after Varma was already in jail for over 24 months and all people of interest were already investigated and Interfor Investigation already concluded that there was no open investigation with any authorities and Paul Parmar was not a person of interest in that

CGJ-005-014221

matter and (3) Parmar has represented and warranted that he has no relationship with Varma.

SUPPLEMENTAL QUESTIONS

BERGSTEIN

<!--[if !supportLists]-->4)    <!--[endif]-->The question stands. What actually happened to PPM and is this one of the transactions referred to or referenced anywhere in the admission document?

The transaction mentioned in admission document relates to Paul's acquisition of PPM/Matrix and turning it around and selling it to NextGen, if Paul used the proceeds of that sale to buy equity in Pineboard that is a totally different transaction, yes Paul took some cash out and used remainder proceeds to get 38% ownership in Pineboard.

<!--[if !supportLists]-->5)    <!--[endif]-->However remote the risk of this litigation finding against PP, the risk remains that he is implicated in an extortion case. As such, disclosure in the admission document seems appropriate.

Please note that, in the relevant context, the term "extortion" does not refer to a criminal act. Rather, it describes a civil claim resulting from a business transaction and is seeking only monetary damages. We have already described, at great length, the motivations behind this meritless lawsuit; however, in the unlikely event that Mr. Parmar is found liable, his only exposure is a minor economic loss.

<!--[if !supportLists]-->6)    <!--[endif]-->Your response does not seem to tie in with para 52 of Bergstein 50896. Please expand/clarify.

Paragraph 52 of Bergstein 50896 refers to a litigation filed by Mr. Parmar and a company he controlled. Not long after it was filed, the action was voluntarily withdrawn. The defendants then filed an application to recover their attorney fees. During oral argument on that application, the judge used the term "shake down" to refer to her belief that the action was filed mainly to gain an advantage in the underlying business transaction.

<!--[if !supportLists]-->7)    <!--[endif]-->Ok
<!--[if !supportLists]-->8)    <!--[endif]-->Ok
<!--[if !supportLists]-->9)    <!--[endif]-->Ok
<!--[if !supportLists]-->10)    <!--[endif]-->Ok
<!--[if !supportLists]-->11)    <!--[endif]-->Please be more explicit – it is not clear to us where this is addressed in the letter.

One of the potential issues in Bergstein 50896 and 6167 is Bergstein's awareness, as acknowledged in written communications with Mr. Parmar and others, that he was being recorded. If Bergstein knew he was being recorded and volunteered information anyway, it undercuts his assertions that Mr. Parmar recorded Bergstein without his knowledge and planned to released or threatened to release any information that Bergstein believed would be kept 'private'. Further Bergstein asserts that Paul made the recordings for the very purpose of extortion which clearly from his email that we have attached here shows him telling the third party that Paul records all calls and has played these recordings for him, which then negates his two assertions 1.) Paul was recording him without his knowledge or secretly recording him 2.) if paul was playing the recordings back to him then it was not secret and also it was not for the purpose of extortion, he knew this back in 2009.

<!--[if !supportLists]-->12)    <!--[endif]-->Ok
<!--[if !supportLists]-->13)    <!--[endif]-->OK – please keep us appraised if there are any developments

GE CAPITAL

<!--[if !supportLists]-->14)    <!--[endif]-->Please provide some background on Tomer Vardi. What exactly is his relationship with PP and what are the sources of his funds?

Tomer is a close personal friend of Mr. Parmar. Tomer is a duel Israeli and US Citizen who made his capital in the technology space in the early 2000's. Tomer was the first pioneer to comeup with the paypal model called Globecash and was bought out by a private equity firm which then later on with other acquisitions etc morphed into the paypal business.

<!--[if !supportLists]-->15)    <!--[endif]-->Ok

DEUTSCHE BANK

OK

VERMA

<!--[if !supportLists]-->16)    <!--[endif]-->Ok
<!--[if !supportLists]-->17)    <!--[endif]-->Ok
<!--[if !supportLists]-->18)    <!--[endif]-->OK

SUNDRY

<!--[if !supportLists]-->19)    <!--[endif]-->We will respond following receipt of documentation

<!--[if !supportLists]-->20)    <!--[endif]-->We will respond following receipt of documentation

<!--[if !supportLists]-->21)    <!--[endif]-->OK

<!--[if !supportLists]-->22) <!--[endif]-->Is HSI the full name? What does it stand for?

<!--[if !supportLists]-->23) <!--[endif]-->There must be some information available! When was it sold? Who to? How much for? How much had it been bought for?

<!--[if !supportLists]-->24) <!--[endif]-->Please expand/clarify. We do not understand this transaction from the documentation that has been made available to us.

<!--[if !supportLists]-->25) <!--[endif]-->The data room provides evidence of Pegasus Consulting making lots of revenue, some evidence of Matrix Management Solutions being sold for $75m and some documentation about Insignia and the investment in Silver Oak Partners. Please provide a list of all the major capital realisations that PP has made during his career.

<!--[if !supportLists]-->26) <!--[endif]-->Not addressed in your response – now covered by letter of 22 September 2014 – Ok

27a) Case 653654 – this has not been disclosed in the Admission Document. Has the view been taken that this is not material? Letter of 22 September 2014 does not appear to deal with Goldberg cases 02701 or 01108 – please provide background.

Case 653654 is addressed as item 4 in Schedule A to the Letter of 22 September 2014. Cases 02701 and 01108 were both part of the Jet Network bankruptcy case discussed in item 13 to Schedule A.

27b) Ok

Thank you in advance for your attention in this matter.

Kind regards

Scott

**MATTHEW CONO CAPOZZOLI**
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue | 9th Floor | New York, New York 10022
Direct: 212-603-6322 | Main: 212-603-6300 | Fax: 212-956-2164
mcc@robinsonbrog.com | www.robinsonbrog.com

<image001.png>

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, regardless of whether you are a named recipient, please notify the sender by reply e-mail and delete the message and any attachments.

Confidential/Proprietary Information
Not Subject to FOIA

CGJ-005-014223