

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*                                                  *973-645-2700*
*Newark, New Jersey 07102*

October 27, 2022

**Via Email and ECF**

Honorable Madeline Cox Arleo
United States District Judge
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    Motion to Strike in *United States* v. *Parmar/Bakhshi*, 18-cr-735

Dear Judge Arleo:

Please accept this letter brief in lieu of a more formal submission in support of the Government's motion to strike certain words from the indictment in this case. ECF No. 32. The Government asks the Court to strike one instance of defendant Paul Parmar's name from the following paragraph in the indictment:

> "On or about July 29, 2016, defendant~~s PARMAR and~~ ZAHARIS met with a representative of the Private Investment Firm at an office in or around Hazlet, New Jersey, in connection with the Go-Private Transaction."

*See* Ex. A at 9, ¶5(g). The change corrects a factual error, poses no prejudice to Parmar, and has no impact on venue or any other discernible legal issue.

## BACKGROUND

The Government previously detailed this case's factual background, *see* ECF No. 110 at 6-16, and incorporates that background by reference. Below the Government summarizes only the case history relating to a July 2016 meeting in Hazlet, New Jersey, which is pertinent to this motion.

### i.    The Indictment's Venue Allegations

The Indictment properly alleges that venue exists in New Jersey. It alleges that: (1) the charged conspiracy occurred "in the district of New Jersey," ECF No. 32, Count One, ¶2; (2) the defendants, "[i]n furtherance of the conspiracy and to effect the unlawful object thereof . . . committed and caused to be committed"

certain "overt acts, among others, in the District of New Jersey" *id.* ¶5; and (3) the substantive counts were committed "in the District of New Jersey," *id.* Count Two ¶2, Count Three ¶3.  The Indictment also alleged that Defendants Parmar, Zaharis, and Chivukula were residents of New Jersey (*id.* ¶1(a)-(c)), and that "[o]n or about July 29, 2016, defendants PARMAR and ZAHARIS met with a representative of the Private Investment Firm at an office in or around Hazlet, New Jersey, in connection with the Go-Private Transaction."  *Id.* ¶5(g).

### ii.    Parmar's Claims That the Hazlet Meeting Never Happened

In April 2021, Parmar moved to dismiss the indictment for lack of venue. ECF No. 107-1 at 4-8.  He argued: "Shockingly, only one [of the] overt acts is even *claimed* to have taken place in New Jersey. Fatally to the venue of the instant indictment, however, the described meeting did not take place in the State of New Jersey on the date in question."  *Id.* at 6.  He argued that, based on emails, it was "crystal clear that the purported meeting in Hazlet, New Jersey as described in the Indictment did not happen in New Jersey at all."  *Id.* at 7.  He also claimed that "false evidence must have been presented to the Grand Jury in order to maintain venue[.]"  *Id.* at 7 (emphases added).

The Government opposed the motion.  *See* ECF No. 110 at 67-74.  The Government argued that:  although it would "present additional venue evidence at trial, the indictment's allegations satisfy the venue pleading standards," *id.* at 67; venue exists "wherever a co-conspirator has committed an act in furtherance of the conspiracy," *id.* at 64 (citations omitted); and "as long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied," *id.* at 110 (citations omitted).  The Government emphasized that the indictment's allegation that the offenses took place "in the District of New Jersey" was, standing alone, enough to defeat the motion.  *Id.* at 70-72.  The Government was also explicit that it was "not relying on the Hazlet [] meeting [] as the sole basis for venue[.]"  *Id.* at 73-74 n.28.

In reply, Parmar argued that the law "requires that there be at least one overt act alleged in order to support venue for a conspiracy," and that here, "the sole overt act alleged in the Indictment to actually have taken place in New Jersey did not take place in New Jersey at all."  *See* ECF No. 117 at 2-3.  Parmar reiterated that "the Grand Jury presentation was impaired by the Government's presentation of evidence supporting venue by presenting an overt act – the meeting described as occurring in Hazlet, New Jersey – that did not in fact occur in New Jersey at all."  *Id.* at 5.  At oral argument, Parmar again claimed that no Hazlet meeting occurred and that venue therefore did not exist in New Jersey. *See* ECF No. 159-1, Tr. of July 12, 2022 Hr'g, at 8:19 to 10:12 ("[T]his is the one overt act that is spelled out . . . . In fact, the meeting took place in New York[.]").

In July 2022, the Court denied Parmar's motion.  ECF No. 154.  The Court was clear—both at oral argument and in its order—that its decision did not depend on the Hazlet meeting, but instead on the indictment's allegation that the offenses took place in New Jersey.  *See* ECF No. 154 ("Parmar's motion to dismiss the Indictment for lack of venue [] is DENIED, because the Indictment sufficiently alleges venue in the District of New Jersey"); ECF No. 159-1 (Court regarding Hazlet allegation: "[T]hat is not the only overt act alleged, and that is not the limitation of the conspiracy. It's a pleading issue. They've pled that the conspiracy took place in New Jersey and elsewhere. They're not required to plead every single overt act . . . . *Menendez* is directly on point. It says if you plead it that it occurred in New Jersey and elsewhere, then a motion to dismiss is not the proper vehicle to dismiss for a change of venue. So that is not a persuasive argument to me.") (emphases added).

Parmar promptly filed a motion for reconsideration or for leave to appeal, again arguing that "the sole overt act listed in the indictment as taking place in New Jersey indisputably took place in New York instead."  ECF No. 158.  The Government opposed the motion.  ECF No. 159.  In reply, Parmar asserted "[n]owhere [in the briefs] does the Government state that the meeting [] actually took place in New Jersey," and had the Government done so, it "would have ended the argument."  ECF No. 163 (emphases added).

On August 11, 2022, the Court denied Parmar's motion, again making clear that its holding was not based on what Parmar called "the sole overt act" in New Jersey but instead on the indictment's general pleading allegations.  ECF No. 167 ("the Court already considered and rejected this argument, finding that the indictment adequately alleged venue in New Jersey, and that no additional allegations were required at this stage").

### iii.    Subsequent Developments

During a phone call between Parmar's counsel and the undersigned Government attorneys on or about August 24, 2022, defense counsel re-raised the accuracy of the allegation that a meeting took place in connection with the Go-Private Transaction in Hazlet in July 2016.  The Government subsequently undertook a review of the Hazlet issue, including by re-interviewing a representative of the victim (the "Representative") who attended the meeting.

In an October 14, 2022 letter, the Government informed defense counsel that, based on its review:  (1) **there was, in fact, a meeting that occurred in connection with the Go-Private Transaction in Hazlet on or about July 29, 2016**; and (2) **Parmar does not appear to have attended** (although it appears that he was involved in the planning and was initially supposed to attend).  The Government simultaneously produced a report and agent notes from the recently conducted witness interview and cited previously produced emails pertaining to

- 3 -

the meeting.  The Government also advised Parmar's counsel that it intended to ask the Court to strike Parmar's name from the allegation and asked for counsel's position on that proposal.  *Id.*

On or about October 17, 2022, defense counsel asked the Government to produce notes or reports which contained the inaccurate belief that Parmar attended the meeting.  On or about October 21, 2022, the Government advised defense counsel that, "After a diligent review, we cannot represent with certainty what the precise basis was for the prior understanding that Parmar was present for the Hazlet meeting."  The Government nevertheless produced "additional materials that may be pertinent to the question."[1]  The Government further pointed defense counsel to emails indicating that on the morning of July 29, 2016, the Representative believed that Parmar would attend the Hazlet meeting, *see* CCC-7635 (email from the Representative to Zaharis and Parmar:  "Paul & Sam, Heading out to Hazlet this morning. Do you have any attire preferences for the office?"), and his recent statement that, until the Government refreshed his recollection with additional emails, the Representative believed Parmar was there, *see* FBI-1083.  The Government again asked for the defense's position on a motion to strike.

On or about October 24, 2022, the defense advised the Government that, although it appreciated the Government's diligence and forthrightness, it would not agree to strike Parmar's name from the allegation.  Counsel stated, in part, "While a meeting may have occurred in Hazlet, I am not seeing any evidence of activity that anything was done in furtherance of the charged conspiracy at that meeting[.]"  Counsel reiterated his prior arguments that for "a conspiracy, a specific overt act supported by evidence must be pleaded in order to support venue," and that the grand jury "acted on false facts when voting for the conspiracy count."

---

[1] The Government produced: (1) agent notes from a March 2018 interview with the Representative, which do not expressly address the Hazlet meeting, *see* FBI-1091 through -1103; (2) an agent cover report and notes from an April 2018 interview with the Representative, *see* FBI-1104 through -1109, which read, in part:  "**June 16 – Jan 17, phone w/ all 3 [. . . .] in person meetings: Paul, Sam, Rav: in order [. . . .] CHT office in NJ visit by [first name of Representative] [. . . .] 2 – older [. . . .] – newer moved into summer 2017**"; (3) agent notes from an October 2018 interview with the Representative and another company representative, which do not expressly address the Hazlet meeting, *see* FBI-1110 through -1115; and (4) an excerpt of grand jury testimony from November 2018, in which the agent affirmed that "[o]n or about July 29th, 2016, [] Paul Parmar and Sotirios (Sam) Zaharis [met] with [Representative] from CC Capital and[sic] Hazlet, New Jersey to discuss a private transaction," and testified that the allegation was based on interviews with members of CC Capital, to include the Representative, *see* FBI-1116 through -1117.

- 4 -

## ARGUMENT

### I.   The Court Should Grant the Motion to Strike

The request to narrow an inaccurate indictment allegation is permissible, does not prejudice Parmar, and does not impact venue or other legal issues.

#### a. The Government May Proceed on a Narrower Allegation, and Doing So Would Not Prejudice Parmar

The government may elect to narrow a charge in the indictment and proceed to trial only on a more limited theory. *See United States* v. *Miller*, 471 U.S. 130 (1985). "An indictment must contain 'the elements of the offense charged' and enable the defendant 'to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States* v. *Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) (quoting *Hamling* v. *United States*, 418 U.S. 87, 117 (1974)). "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *Miller*, 471 U.S. at 136. Where a court is considering whether an impermissible constructive amendment has occurred, "it is the broadening [of the bases for the defendant's conviction] that is important — nothing more." *United States* v. *Allmendinger*, 706 F.3d 330, 339 (4th Cir. 2013) (quotation omitted).

"Regarding conspiracies, a prosecutor may elect to proceed on a subset of the allegations in the indictment, proving a conspiracy smaller than the one alleged, so long as that subset is also illegal." *Id.* (quotation omitted). Indeed, "'a conviction for a criminal plan narrower than, but fully included within, the plan set forth in the indictment' is not a constructive amendment." *United States* v. *Hornick*, 491 F. App'x 277, 287 (3d Cir. 2012) (finding that *Miller* "foreclosed" defendant's argument that the district court had constructively amended the charge by narrowing the time span of the burglary conspiracy in the jury instructions) (quoting *Miller*, 471 U.S. at 136).

"[A]n indictment can be amended without further consideration by the grand jury when it is necessary to strike surplusage . . . ." *Allmendinger*, 706 F.3d at 339-40 (finding "at most" a "non-fatal variance" where "the conspiracy proven was within the scope" of the broader investment scheme alleged in the indictment, including "the same purpose" and the "same fraudulent representations"). Therefore, a defendant's "right to be tried only on offenses for which a grand jury has returned an indictment," is not compromised, where "what was removed from the case was in no way essential to the offense . . . ." *Miller*, 471 U.S. at 145.

Here, the Government proposes narrowing—not expanding—a single allegation. The request is modest: it would clarify that only one co-conspirator, not two, attended a particular event. That is a far cry even from narrowing a conspiracy *theory,* which is allowed. Striking Parmar's name from the allegation is "in no way essential to the rest of Count 1." *See id.* The remainder of the indictment would remain unchanged, leaving a nearly identical document.

Moreover, by removing—rather than adding—Parmar's name to an allegation, it is difficult to conceive of prejudice that he would suffer. Defense counsel declined to consent to this motion based on his longstanding claims about lack of venue and grand jury misconduct. The Government disagrees with those claims and will oppose them if they are re-raised before this Court. But even accepting that Parmar wishes to re-raise those claims, removing Parmar's name from the allegation now would not stop him from seeking whatever relief he deems appropriate. Moreover, if permitted by the federal rules of evidence, Parmar may call, attempt to impeach, or otherwise cross examine appropriate witnesses at trial regarding their prior recollection, statements, or testimony that Parmar attended the Hazlet meeting. But given that correcting the error now does not stop Parmar from taking such steps—*why leave the error in place?*

### b. Striking Parmar's Name Would Not Impact Venue

The fact that Parmar appears to have not attended the Hazlet meeting has no bearing on venue. The Government never relied on the Hazlet meeting as the sole basis for venue. *Supra* p.2. More importantly, this Court did not rely on the Hazlet allegation in denying Parmar's venue motion. *Supra* pp.2-3. Even if the Hazlet meeting *were* dispositive on the issue of venue (it is not), the meeting occurred, regardless of whether Parmar personally attended—which is enough for venue. *See, e.g., United States* v. *Perez,* 280 F.3d 318, 329 (3d Cir. 2002) ("venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy") (citing *Hyde* v. *United States*, 225 U.S. 347, 363–64 (1912)); *United States* v. *Renteria,* 903 F.3d 326, 329 (3d Cir. 2018).

Accordingly, and in light of his implicit admission that if the meeting occurred in New Jersey, that would "end[] the argument," *see* ECF No. 163, Parmar now raises a new argument. He argues that he has not seen "evidence" that "anything was done in furtherance of the charged conspiracy at that meeting." But the sufficiency of the evidence is not ripe at this stage, and instead must wait for the conclusion of the Government's case-in-chief. As this Court made clear, at this stage, "It's a pleading issue." *Supra* p.3. The indictment alleges that all the overt acts, including the Hazlet meeting, took place "[i]n furtherance of the conspiracy and to effect the unlawful object thereof." ECF No. 32, Count One, ¶5. The allegation regarding the Hazlet meeting also states that the meeting took place "in connection with the Go-Private Transaction." *Id.* ¶5(g). And although it is premature to analyze the evidence at this stage, it is worth

noting that the Government has produced materials demonstrating that the meeting did, in fact, occur to further the transaction.[2]

Finally, the correction has no bearing on misconduct. The Government acknowledges that the paragraph contains an error and appreciates defense counsel's efforts which led to this clarification. Yet this development has zero indicia of bad faith. The thrust of the allegation remains true: a meeting occurred in New Jersey in July 2016 in connection with the transaction. And there is evidence and information that would have supported a good-faith belief that Parmar attended. *See, e.g.*, FBI-1083 ("Originally, Parmar was supposed to be at the Hazlet meeting and [Representative] thought Parmar was there until his recollection was refreshed with these emails . . . . As background, [Representive] suggested to Parmar that he meet and spend some time with Zaharis. Parmar, as well as [another representative], agreed. The [first enclosed] email was addressed to Parmar and Zaharis suggesting [Representative] thought Parmar would be there."). And because it makes no difference to venue whether one or both co-conspirators attended, there would not even have been a *reason* to allege that Parmar was there if the Government knew he was not. Parmar has routinely raised claims of Government misconduct, including before the grand jury—all of which have been deemed meritless. *See, e.g.*, July 12, 2022 Tr. at 12:14-15 (Court addressing Parmar's claim of misconduct due to alleged failure to present exculpatory evidence: "This is not even a close call. This is an easy denial. It's speculation."). The Government urges the Court to again reject any misconduct claims based on this correction.

* * *

For these reasons, the Government respectfully requests that the Court grant its motion to strike.

Respectfully submitted,
PHILIP R. SELLINGER

/s/ Matthew F. Nikic
Matthew Feldman Nikic
Carolyn Silane
Cc:   All counsel (via ECF)          Assistant U.S. Attorneys

---

[2] *See, e.g.*, CCC00007633, -7635 (emails among Representative, Parmar, and Zaharis, discussing a meeting in Hazlet the morning of July 29, 2016); FBI-1083 (302) ("[Representative] went to a meeting in Hazlet, New Jersey to meet Sam Zaharis, the Chief Financial Officer of a potential acquisition. The purpose of the lunch was to get to know the team before the forthcoming transaction. [Representative] spent twenty to thirty minutes inside the office before going to a nearby restaurant for lunch."); FBI-1089 to 1090 (FBI agent notes) (meeting was "mostly social" but lunch was "for purpose of furthering transaction").