UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| | : | |
| | : | |
| v. | : | Criminal No. 18-735 |
| | : | |
| | : | |
| PARMJIT PARMAR, | : | |
| a/k/a "Paul Parmar," | : | |

This matter having come before the Court on the joint application of the United States, by Philip Sellinger, United States Attorney for the District of New Jersey (Matthew Nikic and Carolyn Silane, Assistant U.S. Attorneys, appearing), and defendant Parmjit Parmar, a/k/a "Paul Parmar" (Jeffrey C. Hoffman, Esq., appearing) for an order granting a continuance of proceedings in the above-captioned matter; and the defendant being aware that he has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the defendant having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1.     This case has been designated as a complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the nature of the prosecution and the volume of discovery, as referenced below, such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the

trial itself within 70 days.

2.      The discovery in the case is voluminous, consisting of, among other things, financial records, email communications, and other electronically stored information.

3.      The defendant is not in custody and consents to the requested continuance.

4.      The District Court's Standing Orders during the COVID-19 pandemic tolled the Speedy Trial Act clock from March 16, 2020 through June 1, 2021 and from December 29, 2021 through January 31, 2022. *See* Dkt. Nos. 77, 82, 83, 89, 92, 96, 104, and 132.  In addition, pretrial motions filed by the defendants also tolled the Speedy Trial Act clock. Dkt. Nos. 105-108.  The Court ruled on those motions on July 13, 2022 (Dkt. No. 154) and July 20, 2022 (Dkt. 162).  On July 17, 2022, Defendant Parmar filed a motion for reconsideration of the Court's July 13, 2022 order.  Dkt. No. 158.  The Court denied that motion on August 11, 2022.  Dkt. No. 167.

5.      Further, over the last several months, Defendant Parmar made a number of requests to adjourn oral arguments on pre-trial motions (Dkt. Nos. 132, 135, 140, 147), primarily due to his ongoing medical concerns.

6.      The parties seek an additional continuance order through July 31, 2023 to allow the parties to engage in plea negotiations and to effectively prepare for the status conference, motion practice, and/or trial.

7.      The failure to grant a continuance would deny counsel for the

defendant and counsel for the Government the reasonable time necessary to effectively prepare for the status conference, motion practice and/or trial, taking into account the exercise of due diligence;

8.     As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this  1st   day of June, 2023,

(1)     ORDERED that this action be, and hereby is, continued until July 31, 2023; and it is further

(2)     ORDERED that the period from the date of this order through July 31, 2023 be and hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et s*

_____
Honorable Madeline Cox Arleo
United States District Judge

Consented to as to form and entry:

/s/ *Carolyn Silane*
_____
MATTHEW NIKIC
CAROLYN SILANE
Assistant U.S. Attorneys

/s/ *Jeffrey C. Hoffman*
_____
JEFFREY C. HOFFMAN, ESQ.
Counsel for Defendant Parmjit Parmar

3