*United States v. Parmar, No. 2:18-cr-00735-MCA*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> *Plaintiff,* <br><br> *v.* <br><br> **PARMJIT PARMAR,** a/k/a "Paul Parmar," <br><br> *Defendant.* | **Criminal No. 2:18-cr-00735-MCA-1** <br><br> Hon. Madeline Cox Arleo <br><br> United States District Judge |

## DECLARATION OF PAUL PARMAR

Paul Parmar, of full age, hereby declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.   I am the defendant in the above-captioned matter.

2.   I respectfully request that the Court enter an order extending my voluntary surrender date by sixty (60) days, until August 3, 2026, with every other condition of release remaining in full force and effect.

3.   The Court entered judgment on May 6, 2026 following my guilty plea to one count of conspiracy to commit securities fraud under 18 U.S.C. § 371. On May 19, 2026, my attorneys timely filed a notice of appeal to the United States Court of Appeals for the Third Circuit. The Bureau of Prisons has directed me to surrender on June 4, 2026, less than thirty (30) days after entry of judgment.

4.   I am not asking for this extension because I am unable to surrender. I am asking for a brief, defined period to complete specific medical, personal, and administrative tasks that are already underway, so that my surrender and Bureau of Prisons intake proceed in an orderly way.

1

5.      For approximately the past two months, my available time and attention were substantially consumed by concurrent litigation obligations in multiple forums, including filings, hearings, trial-related proceedings, and preparation for the May 5, 2026 sentencing hearing. After judgment was entered, the Bureau of Prisons directed me to surrender on June 4, 2026, leaving less than thirty (30) days after entry of judgment to complete medical, family, legal, and logistical transition tasks. With the sentencing hearing and those immediate pre-surrender litigation obligations now behind me, I have a defined and focused runway of time available before surrender, and I am prepared to use that runway with discipline.

6.      My understanding of the medical issues described in the paragraphs that follow is based on my medical records and what my treating physicians have advised me. On their advice, I have scheduled, and am in mid-course in, a series of medical evaluations that, in their professional judgment, should be completed before any extended period of incarceration begins. The principal items in this workstream are an exercise nuclear cardiac stress test, follow-up coronary intervention if clinically indicated, a colonoscopy, comprehensive laboratory studies, a rheumatology consultation, and psychological assessment.

7.      On February 24, 2026, I underwent a ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

8.

9.

10.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████

11.    █████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████

12.    █████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████

13.    █████████████████████████████████████████

███████████████████████████████████████████████████,

4

14. This request is not based on any criticism of the Bureau of Prisons or its medical staff. My goal is to report with current records, completed testing where possible, and a clear continuity-of-care plan that will assist the Bureau at intake.

15. I am also finalizing essential estate and legal-authority instruments, including a revised will, a durable financial power of attorney, a healthcare power of attorney, and an advance directive. These documents require execution before a notary and, in some cases, before witnesses, and they require my careful review of the draft instruments. Completing these documents before surrender is a basic act of responsible personal preparation that benefits me, my family, and the third parties who may later need to act on those instruments during my incarceration.

16. I also need finite time to arrange for the care of my dependents. My father is of advanced age and resides with me, depending on me for aspects of his daily living. I need time to arrange for alternative-care arrangements before I surrender, including coordination with healthcare providers, identification of a primary caretaker, and execution of any necessary authorizations to enable that caretaker to make medical and administrative decisions on my father's behalf during my incarceration. I also need to arrange lawful long-term care for household animals that cannot remain unattended.

17.    I must also oversee the secure preservation of records and the orderly closure of a New York City apartment to reduce ongoing obligations during my incarceration. This includes organizing and preserving legal, medical, financial, and tax records that may be needed by counsel and family members during my absence, coordinating movers and storage, and ensuring that utilities, insurance, and property-management obligations are transitioned appropriately. Many of these matters require my hands-on review and authorization and cannot reasonably be completed before June 4.

18.    I am also in the process of organizing and transitioning financial, tax, and digital-access records necessary for the management of my affairs during incarceration, and of coordinating with counsel on ongoing civil matters, including a foreclosure case in Monmouth County and a bankruptcy case in which judgment was recently entered. Completing these tasks before surrender will materially reduce administrative disruption during incarceration and lessen the burden on third parties who will need to assist me while I am incarcerated.

19.    In calibrating the scope of this request, I have tried to be reasonable and restrained. Based on my current scheduling discussions with my treating physicians and professional advisors, I believe that sixty (60) days is sufficient to complete the principal medical, personal, and administrative tasks described above in a disciplined and urgent manner.

20.    I respectfully commit that this is a one-time administrative extension request. Whether or not every scheduled task is completed within the sixty (60) day window, I will surrender on August 3, 2026 as ordered, and I will not seek any further administrative extension of the voluntary surrender date based on the grounds identified in this declaration. I accept August 3, 2026 as the final voluntary surrender date for purposes of this administrative request. I

*United States v. Parmar, No. 2:18-cr-00735-MCA*

understand that the Court and the Government may rely on this commitment in evaluating this request.

21.     My compliance record is part of this Court's own file. In January 2026, on the recommendation of Pretrial Services, the Court modified my conditions from home incarceration to stand-alone electronic monitoring in recognition of my sustained compliance. Pretrial Services observed at that time that I had "remained compliant while on home incarceration." That same compliance pattern has continued through the May 5, 2026 sentencing and beyond. I attended my sentencing, submitted to the Court's judgment, and remain at my approved residence subject to monitoring. I understand that if the Court grants this request, I remain under the Court's authority and must comply with every existing condition exactly as before. If this extension is granted, every condition of release will remain in place, and I will continue to comply with electronic monitoring and continue communication with Pretrial Services as directed.

22.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:     /s/

Paul Parmar

Date: May 22, 2026

7